## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1408 | **DATE** | March 24, 2008 |
| **CASE TITLE** |  | Darden vs. Harvey Police Dept. | |

**DOCKET ENTRY TEXT**

The Dardens' application [4] to proceed *in forma pauperis* and their motion for appointment of counsel are denied without prejudice. The Dardens are given until 4/21/2008 to pay the filing fee.

■[ For further details see text below.]     Docketing to mail notices.

### ORDER

The following matter is before this Court on Plaintiffs Willie Darden Individually and as guardian of his minor children, Shymia Darden, Purety Darden, Naomi Darden, Perrier Darden, and Napoleane Darden (collectively "the Dardens")' application to proceed *in forma pauperis* and motion for the appointment of counsel. The Dardens have filed suit, *pro se*, against Defendants Harvey Police Department, Officer Barbee, the Harvey Police Chief Andrew Joshua, Commander Sam White, Commander Steven Porter, Commander Lemuel Askew, Officer J. Bessett, Detective Keys, Officer K. Smith, an unidentified police clerk, and the Estate of former Chief Homicide Detective Martin alleging that Defendants engaged in the following acts against the Dardens: conspiracy, harassment, threats, theft, due process violations, malicious prosecution, and false imprisonment. For the reasons stated below, the Dardens' application to proceed *in forma pauperis* and their motion for appointment of counsel are denied without prejudice.

A plaintiff may proceed *in forma pauperis* if it is determined that (1) he is unable to pay the filing fee, (2) his case is not frivolous or malicious, (3) the complaint does not fail to state a claim upon which relief may be granted, and (4) the plaintiff is not seeking monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In addition, this Court has the authority to dismiss the case at any time if we determine that the allegations of poverty made in the application are untrue. 28 U.S.C. § 1915(e)(2)(A).

In this case, Mr. Darden states that his wife is currently employed at Ingalls Memorial Hospital in Harvey, that he receives monthly disability payments that vary in amount, that he obtained a settlement with the City of Harvey in the amount of $6,000, and that he owns a 1998 Tahoe, which has a current value of $5,500, and another vehicle that is inoperable. Based on this information, we believe that the Dardens are able to pay the filing fee and therefore deny their application to proceed *in forma pauperis*.

The Dardens have also requested that we appoint them counsel. To properly request the appointment of counsel, a plaintiff is required to file a motion separate from its *in forma pauperis* application. In this case, the Dardens did not file a separate motion for the appointment of counsel, however, they submitted their *in forma pauperis* application in support of their motion for the appointment of counsel. Because we are to construe

## ORDER

pleadings presented by *pro se* litigants liberally, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), we will presently consider the Dardens' motion for the appointment of counsel.

Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656, *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). The Dardens have not presented us with any information to indicate that they have made reasonable efforts to retain counsel or that there is some issue that prevents them from doing so. Consequently, it is not appropriate to appoint counsel at this time.

For the foregoing reasons, the Dardens' application to proceed *in forma pauperis* and their motion for appointment of counsel are denied without prejudice. The Dardens are given until 4/21/2008 to pay the filing fee.

Dated:   March 24, 2008

_____
CHARLES P. KOCORAS
U.S. District Court Judge